FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ MAR 1 1 2010 ★

BROOKLYN OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Diane Ramos,

        Plaintiff,

    v.

Redline Recovery Services, L.L.C.; and DOES 1-10, inclusive,

        Defendant.

Civil Action No.: _____ CV 10 - 1148

JOHNSON, J

J. ORENSTEIN, M.J.

**COMPLAINT**

For this Complaint, the Plaintiff, Diane Ramos, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    The Plaintiff, Diane Ramos ("Plaintiff"), is an adult individual residing in Staten Island, NY, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    The Defendant, Redline Recovery Services, L.L.C. ("Redline"), is a Georgia business entity with an address of 11675 Rainwater Drive, Suite 350, Alpharetta, Georgia 30009,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

      6.      Does 1-10 (the "Collectors") are individual collectors employed by Redline and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

      7.      Redline at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

      8.      The Plaintiff incurred a financial obligation in the approximate amount of $1200.00 (the "Debt") to Sears (the "Creditor").

      9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

      10.      The Debt was purchased, assigned or transferred to Redline for collection, or Redline was employed by the Creditor to collect the Debt.

      11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Redline Engages in Harassment and Abusive Tactics

      12.      The Plaintiff was contacted by Redline concerning the Debt.

      13.      Redline stated to the Plaintiff that she owed $1,800.00 due to interest added to the Debt.

      14.      Redline offered the Plaintiff a settlement agreement, whereby the Plaintiff would

2

pay $200.00, and then make payments of $100.00 each month for one (1) year, to be deducted from her bank account.

15.     One month, Redline did not deduct money from her bank account, but the next month deducted two payments from her bank account. The Plaintiff was not informed that this would occur.

16.     At the end of the year, the Plaintiff contacted Redline to make sure her debt was paid in full.

17.     Redline told her that her debt was paid in full and that they would send a letter to confirm.

18.     Redline did not send the letter.

19.     The Plaintiff called Redline three (4) more times. The first three (3) times, Redline stated they would send the letter.

20.     Again, Redline did not send the letter.

21.     When the Plaintiff called the fourth time, Redline stated they never made her a settlement offer, and that she still owed $1,200.00.

22.     Redline later sold the Plaintiff's debt to another debt collector. The new debt collector is asking her to pay $1,200.00.

## C.  **Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692f(2) in that Defendants attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

4

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

36.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

37.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

40.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

41.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things,

5

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

42.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV
## COMMON LAW FRAUD

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

45.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

6

3.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4.   Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.   Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6.   Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 3, 2010

Respectfully submitted,

By:

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff

7